10-3720-ag
Villeda v. Holder

BIA
Verillo, IJ
A071 496 811

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 27th day of October, two thousand eleven.

PRESENT:
            JOSÉ A. CABRANES,
            DEBRA ANN LIVINGSTON,
            GERARD E. LYNCH,
                *Circuit Judges.*
_____

GILBERTO VILLEDA, AKA HUMBERTO VILLEDA,
        *Petitioner,*

        v.                                          10-3720-ag
                                                    NAC
ERIC H. HOLDER JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*
_____

FOR PETITIONER:        Jon E. Jessen, Stamford, CT.

FOR RESPONDENT:        Tony West, Assistant Attorney
                       General; Terri J. Scadron, Assistant
                       Director; Wendy Benner-León, Trial
                       Attorney, Office of Immigration

**Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gilberto Villeda, a native and citizen of Guatemala, seeks review of an August 17, 2010, decision of the BIA affirming the November 19, 2008, decision of Immigration Judge ("IJ") Philip Verrillo denying Villeda's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gilberto Villeda*, No. A071 496 811 (B.I.A. Aug. 17, 2010), *aff'g* No. A071 496 811 (Immig. Ct. Hartford, Nov. 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Under the circumstances of this case, we have considered both the IJ's and the BIA's opinions "for the sake of completeness." *Zaman v. Mukasey*, 514 F.3d 233, 237 (2d Cir. 2008). The applicable standards of review are well-established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Because Villeda did not argue before the agency that he suffered persecution in the form of forced conscription by the Guatemalan army or that he was harmed on account of his membership in a particular social group of young male peasants, those arguments are unexhausted. In addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice*, 480 F.3d 104, 119-20 (2d Cir. 2007). Accordingly, because the government has raised Villeda's failure to exhaust, we decline to consider these arguments. *See id*. at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

Villeda does not raise any exhausted challenge to the agency's past persecution finding. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n.1, 545 n.7 (2d Cir. 2005) (concluding that issues not sufficiently argued in the briefs are considered waived and normally will not be addressed on appeal). In addition, Villeda explicitly

3

abandons any challenge to the agency's denial of relief based on his claimed fear of future harm by gangs. Accordingly, because Villeda does not challenge the agency's findings that he failed to establish past persecution by guerillas in Guatemala or a well-founded fear of persecution on account of his membership in a particular social group of Guatemalans returning from the United States who are perceived as wealthy, and because those findings were dispositive of his applications for asylum and withholding of removal, we will not disturb the agency's denial of relief on those bases. *See Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006) (recognizing that a withholding of removal claim necessarily fails if the applicant is unable to show the objective likelihood of persecution needed to make out an asylum claim and the factual predicate for the claims is the same).

Although Villeda argues that he is eligible for CAT relief because a U.S. Department of State country report describes incidents of torture in Guatemala, he did not raise this argument before the agency, *see Foster*, 376 F.3d at 78, and has not offered any argument or pointed to any evidence that someone in his particular alleged

circumstances would face torture, *see Mu Xiang Lin v. U.S. Dep't of Justice*, 432 F.3d 156, 159-60 (2d Cir. 2005).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk